Timothy PIGFORD, et al., Plaintiffs,

v.

Ann VENEMAN, Secretary, United States Department of Agriculture, Defendant.

Cecil Brewington, et al., Plaintiffs,

v.

Ann Veneman, Secretary, United States Department of Agriculture, Defendant.

Civ.A. Nos. 97–1978(PLF), 98–1693(PLF).

United States District Court, District of Columbia.

June 27, 2002.

Jacob A. Stein, Stein, Mitchell & Mezines, Alexander John Pires, Jr., Conlon, Frantz, Phelan & Pires, David A. Branch, Anthony Herman, Covington & Burling, Richard Talbot Seymour, Lieff, Cabraser, Heimann & Bernstein, LLP, John Michael Clifford, Mona Lyons, Clifford, Lyons & Garde, Caroline Lewis Wolverton, U.S. Department of Justice, Phillip L. Fraas, Hogan & Hartson, L.L.P., Washington, DC, Marcus B. Jimison, NCCU School of Law, Stephon J. Bowens, Durham, NC, for plaintiffs.

Michael Sitkov, Terry M. Henry, Susan Hall Lennon, Amanda Quester, U.S. Department of Justice, Elizabeth Goitein, Civil Division, Daniel Edward Bensing, U.S. Department of Justice, Federal Programs Branch, David Monro Souders, Weiner, Brodsky, Sidman & Kider, PC, Wyndell Oliver Banks, Washington, DC, for defendants.

Randi Ilyse, St. Paul, MN, pro se.

Evans M. Folins, Los Valores, CA, pro se.

Dennis Charles Sweet, Lanston, Frazer, Sweet & Freese, Jackson, MS, Ford C. Ladd, Alexandria, VA, for movants.

Evelyn M. Coleman, Hazlehurst, MS, pro se.

Willie S. Maymon, Rolling Fork, MS, pro se.

Colie Dixon, Sr., Georgetown, MS, pro se.

L.D. Maymon, Hazlehurst, MS, pro se.

Lois S. Clark, Wesson, MS, pro se.

Curtis Dixon, Jackson, MS, pro se.

Linda Catching, Hazlehurst, MS, pro se.

Henry A. Vaughn, Hazlehurst, MS, pro se.

Floria A. Vaughn, Hazlehurst, MS, pro se.

Marilynn Stewart, Jackson, MS, pro se.

Gerard Robert Lear, Arlington, VA, for movant.

Ezra McNair, Crystal Springs, MS, pro se.

Grover Miller, Georgetown, MS, pro se.

Geraldstine Miller, Georgetown, MS, pro se.

Larry D. Barnes, Harrisville, MS, pro se.

Edith Lomax–Barnes, Crystal Springs, MS, pro se.

Daryl Brentr, Pinola, MS, pro se.

Harold B. Dixon, Hazlehurst, MS, pro se.

Larry Garrett, Georgetown, MS, pro se.

Velma J. Collins, Hazlehurst, MS, pro se.

## MEMORANDUM OPINION AND ORDER

FRIEDMAN, District Judge.

The Court has before it eleven motions filed by individual class members, each identical in content and filed as a "request for exclusion and to volunteer appearance" or under a similar title.[1] From the statements contained in each motion it appears that movants seek exclusion from the certified class of plaintiffs in this case, based on the fact that they were "not served with process when the original action was commenced." Because the Court cannot provide the relief that movants seek, all motions will be denied.

■ On October 9, 1998, this Court certified a class of farmers in this case, pursuant to Federal Rule of Civil Procedure 23(b)(3).

---

1. Movants are the following individuals: Robert and Velma Collins, Colie and Harold Dixon, Betty and Larry Garrett, Willie Maymon, Geraldstine and Grover Miller, Carolyn Smith, Marilynn Stewart.

In large class actions such as this, where there is a description of the class but no actual list of class members, the law does not require that every class member receive service of process or notice of the action, but only that the parties provide the "best notice practicable under the circumstances." Rule 23(c)(2), Fed.R.Civ.P.; *see Eisen v. Carlisle and Jacquelin,* 417 U.S. 156, 172–77, 94 S.Ct. 2140, 40 L.Ed.2d 732 (1974). In this case, the parties agreed to reach class members through a targeted advertising campaign and to allow a 120–day period for members to opt out of the class. *See Pigford v. Glickman,* 185 F.R.D. 82, 101 (D.D.C.1999). The period for opt-out expired on August 30, 1999, beyond which date all members were bound by the terms of the settlement as established in the Consent Decree. *See* Consent Decree ¶ 2(b) (April 14, 1999). In approving the Consent Decree that settled this case, the Court approved the 120–day opt-out period set out within the Decree and also found that the notice provided to class members had been "more than adequate." *See id.*

 Because it is now nearly two years past the deadline for opting out of the class, and because movants have offered no reason for missing the deadline other than lack of notice, movants no longer may choose to exclude themselves from the class. *See, e.g., Georgine v. Amchem Products,* 1995 WL 251402, *4, 6–7 (E.D.Pa.1995). The Court notes that "[n]either Rule 23 nor the requirements of due process require actual notice to each and every possible class member.... the fact that notice did not reach some class members, while unfortunate, does not alter the fact that such efforts constituted the best notice practicable." *In re Prudential Insurance Company of America Sales Practices Litigation,* 177 F.R.D. 216, 233–34 (D.N.J. 1997) (citing *Mullane v. Central Hanover Bank & Trust Co.,* 339 U.S. 306, 317, 70 S.Ct. 652, 94 L.Ed. 865 (1950)). Movants' contention that lack of service at the commencement of the case entitles them to opt out after the established period is without merit. *See In re Prudential Insurance Company of*

*America Sales Practices Litigation,* 177 F.R.D. at 234.

For these reasons, it is hereby

ORDERED that the class members' motions for exclusion and to volunteer appearance [554, 555, 556, 557, 564, 567, 568, 569, 570, 571, 572] are DENIED.

SO ORDERED.